

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 13, 1967

Honorable Kenneth Bain, Jr.
County Attorney
Floyd County
Floydada, Texas

Dear Mr. Bain:

Opinion No. M-146

Re: Whether Article 4494q-14, V.C.S., or Article 1042b, V.C.S., as amended in 1967, controls as to the maximum that the Floyd County Tax Assessor-Collector can charge for his services in assessing and collecting Hospital taxes.

Your request for an opinion from this office involves the following question:

"Does Article 4494q-14 or does Article 1042b (as amended in 1967) control on the maximum that the Floyd County Tax Assessor-Collector can charge for his services of assessing and collecting the Caprock Hospital District taxes."

The Legislature by enactment of Senate Bill No. 486, Acts 58th Leg., R. S. 1963, ch. 238, p. 642 (Article 4494q-14, Vernon's Civil Statutes) created the Caprock Hospital District. This was a particular and complete act of the Legislature with reference to the creation, government, and operation of the hospital district.

Section 13 of the above mentioned Act relates to the compensation to be received by the Tax Assessor and/or Collector of Floyd County for the assessment and collection of Caprock Hospital District taxes, and reads, in part, as follows:

". . . The Tax Assessor and/or Collector of Floyd County shall be charged and required to accomplish the assessment and collection of all taxes levied by and on behalf of the District and to promptly pay over the same to the District depository, *and shall charge such compensation therefor as may be provided for by contract with the District but not to exceed the amount allowed for assessment and collection of county taxes. . .* " (Emphasis added.)

The act in plain and simple language states that the parties are to agree on the fee allowed for the assessment and collection of the hospital district taxes and this agreement is to be made the subject of a contract. The only limitation on any agreement would be that it could not establish a rate in excess of that allowed for the assessment and collection of county taxes. (see Articles 3937 and 3939, V.C.S.)

House Bill 404, Acts 60th Leg., R. S. 1967, ch. 366, p. 859, amended Article 1042b, V.C.S. to include fresh water supply districts and hospital districts within its general scope. Section 5 of Article 1042b, as amended, reads, in part, as follows:

"When the county assessor and county collector are required to assess and collect the taxes in any . . . hospital district, they shall respectively receive for such services an amount to be agreed upon by the governing body of such . . . hospital districts, and the commissioners court of the county in which such . . . hospital districts are situated not to exceed one per cent of the taxes so collected."

In order for us to hold that Article 1042b, Vernon's Civil Statutes, as amended in 1967, is controlling on the question of the maximum allowed the Floyd County Tax Assessor-Collector for services rendered this hospital district, we must also necessarily hold that the recent amendment to this statute repeals that portion of Section 13, Article 4494q-14, referring to the compensation to be charged by the Tax Assessor and/or Collector for such services. This we are unable to do.

"The enactment of a general law does not ordinarily operate as a repeal of a particular or special law, by implication, though both relate to the same subject matter. On the contrary, both statutes are permitted to stand, and the general law is applicable to all cases not embraced by the specific act. In other words, the particular act is construed as constituting an exception to the general law. This is a settled rule of construction, based on the presumption that a specific statute evidences the intention of the legislature more clearly than a general one, and therefore should control.

"A special act is repealed by subsequent legislation that contains an express repealing clause or that otherwise manifests the intention of the legislature to repeal it. Thus where such a construction is necessary in order to give any meaning to its words, a general act may be construed as repealing more particular and specific provisions of an earlier act." (53 Tex.Jur.2d 160, Statutes, Sec. 110, and cases cited therein)

In answer to your question, it is our opinion that Article 4494q-14 is controlling on the maximum that the Floyd County Tax Assessor-Collector can charge for his services of assessing and collecting the Caprock Hospital District taxes.

Your inquiry concerning an interpretation of Section 5 of Article 1042b, as amended in 1967, would have no application in the present case, therefore, discussion will not be given it at this time.

## SUMMARY

Article 4494q-14, V.C.S., is controlling on the maximum that the Floyd County Tax Assessor-Collector can charge for his services of assessing and collecting the Caprock Hospital District taxes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert B. Davis
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
W. V Geppert
Neil Williams
Lonny Zwiener
Brock Jones, Jr.

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.